779 So.2d 328 (1999)
M.T., Appellant,
v.
The SCHOOL BOARD OF MANATEE COUNTY, Florida, Appellee.
No. 99-00996.
District Court of Appeal of Florida, Second District.
December 8, 1999.
Ronald J. Filipkowski, Sarasota, for Appellant.
Gavin W. O'Brien, Bradenton, for Appellee.
SALCINES, Judge.
M.T. appeals the final order of the Manatee County School Board expelling him from Bayshore High School in Bradenton, Florida, for the remainder of the 1998-1999 school year and for the entire 1999-2000 school year. We hold that the school board erred when it expelled M.T. because the incident which prompted the school board's action did not occur at an event or on property subject to the school board's authority.
On January 11, 1999, at approximately 7:00 a.m.,M.T. left his home carrying a semi-automatic CO-2 pellet gun. He traveled on his bicycle to the home of a friend who similarly armed himself, and the two left to confront another boy with whom they had a previous conflict. The two waited outside the other boy's home. When the boy emerged from his home and observed M.T. and his friend, he went back inside. Thereafter, M.T. and his friend rode their bicycles around the neighborhood until they observed a group of youngsters walking down the street. M.T. allegedly heard the report of a "BB gun" and fired his pellet gun at the group several times. This incident was the basis of the expulsion petition filed against M.T.
This court notes that the Code of Student Conduct, Policy 600, which allegedly provided the school board with the authority to expel M.T., prohibits the possession or use of any firearm or other dangerous object "while on school grounds, school board property and facilities, buildings, school buses, motor vehicle on school adjacent grounds, or at any school-sponsored function, or any school board sponsored or governed activity." It is not necessary for this court to determine if the pellet gun could be classified as a firearm or other dangerous object because the evidence is clear that the incident did not occur in a school location as denoted in Policy 600.
Although violence at school and at school functions cannot be tolerated, the school board did not have the authority to expel M.T. under this rule for actions in his neighborhood which were proper for local police action but were unrelated to the school. The final order of the school board is vacated and the school board is ordered immediately to permit M.T. to attend Bayshore High School.
Reversed.
THREADGILL, A.C.J., and BLUE, J., Concur.