961 So.2d 382 (2007)
Roger V. RIGAU, o/b/o, Roger Ryan RIGAU, Appellant,
v.
DISTRICT SCHOOL BOARD OF PASCO COUNTY, Appellee.
No. 2D05-6139.
District Court of Appeal of Florida, Second District.
August 3, 2007.
*383 Roger V. Rigau, pro se.
No appearance for Appellee.
WHATLEY, Judge.
Roger V. Rigau (Rigau) appeals the order entered by the District School Board of Pasco County (the School Board) suspending his son, Roger Ryan Rigau (Ryan), from high school for ten days. We reverse.
In the face of the negative impact of such a suspension the Board failed to appear in this appeal and respond in any manner to Rigau's assertions.
The School Board charged Ryan in a referral notice as follows: "Student was under the influence of alcohol at a school related event (Grad Bash Universal StudiosOrlando)." At the administrative appeal hearing, a school official stated that the school decided to discipline Ryan based on the fact that two of the three other boys with Ryan that night stated that he was involved in consuming alcohol before arriving at Grad Bash. However, the School Board's findings in its order upholding the order of suspension fail to even mention alcohol consumption by Ryan. Rather, the School Board found that the three other students with Ryan on the night of Grad Bash admitted using alcohol, and Ryan was in close proximity to the alcohol throughout the evening. The order concludes that it was "implausible to believe that Ryan could have had no awareness, knowledge, or participation in the events which transpired. . . ." But this conclusion ignores the charge that Ryan was under the influence of alcohol. It also ignores the fact that Ryan presented unrebutted testimony that he was admitted to Universal Studios after the Orlando police conducted a field sobriety test that included a blow of breath into the face of an officer. The police concluded he had not consumed alcohol, separated him from the three other students who admitted alcohol consumption, and cleared him to proceed with the scheduled activities. Additionally, upon his own initiative, Ryan submitted to a polygraph examination, which he passed.
The School Board's evidence against Ryan consisted of unsworn statements from two undisclosed individuals who were Ryan's accusers. In Goss v. Lopez, 419 U.S. 565, 576, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), the Supreme Court stated: "A 10-day suspension from school is not de minimis . . . and may not be imposed in complete disregard of the Due Process Clause." The Court went on to say, "`Once it is determined that due process applies, the question remains what process is due.'" Id. at 577, 95 S.Ct. 729 (quoting Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). With the only evidence of alcohol consumption by Ryan coming from unnamed accusers, he was clearly entitled to more due process than he received.
The School Board erred in suspending Ryan because the findings set forth in the order of suspension do not support the charge that he was under the influence of alcohol at Grad Bash. Furthermore, *384 the testimony presented at the hearing did not constitute competent substantial evidence that Ryan was under the influence. See § 120.68(10), Fla. Stat. (2005) (courts shall set aside findings of administrative judges that are not supported by competent substantial evidence).
Ryan's father is an attorney. Less fortunate students would be unable to appeal the Board's decision and would thus suffer the consequences of a suspension not supported by competent substantial evidence. The Supreme Court was mindful of such an impact when it stated in Goss: "If sustained and recorded, those charges could seriously damage the students' standing with their fellow pupils and their teachers as well as interfere with later opportunities for higher education and employment." 419 U.S. at 575, 95 S.Ct. 729.
We reverse Ryan's suspension with finality and direct that any and all evidence of the suspension be removed from his record.
Reversed and remanded with directions.
CASANUEVA and LaROSE, JJ., Concur.