GRIFFIN, J.
 

 Appellant, A.B.E.
 
 [1]
 
 appeals the School Board of Brevard County’s [“the School Board”] final administrative order expelling her. She argues that the School Board not only erred in finding that it had the power to regulate the conduct for which she was charged but also erred in finding that requisite proof existed in the record to support a finding that she violated sections A.2. and B.2.a. of School Board Rule 5500.
 

 Assistant Principal Frank Forester, of Kennedy Middle School, described the events giving rise to the charge against A.B.E. that resulted in her expulsion:
 

 On
 
 4/21
 
 during the first hour I heard a radio call about a sick student throwing up in a classroom. I responded at the same time as the school nurse and found [A.H.] sitting on the floor outside of the classroom with vomit all over her. She seemed unable to stand and the nurse took over and got her to the clinic. The following day, I heard from several different people that [A.H.] was sick because she had been drinking with ... [A.B.E.] before school. I also heard that they had been drinking before school on Field Day (April 4th).
 

 Because [A.H.] had been absent on 4/22, I waited until 4/23 to speak to the girls. I brought [A.H.] to my office and with Ms. Koch present I questioned her about the drinking before school. She initially denied it so I brought [A.B.E.] up to a separate office and questioned her. They each gave additional information and they both admitted having a drink from ... [A.B.E.’s] family’s liquor cabinet. [A.H.] had spent the night with [A.B.E.] and they had decided to have a drink before coming to school on 4/21.
 

 A.B.E. gave the following statement concerning the incident:
 

 Me and [A.H.] woke up and we wanted to try drinking alcohol, so I looked and grabbed this stuff in my parent’s cabinet, and I put a little in 2 cups, and put coke in it. I thought it was disgusting, so I poured it out, and I didn’t give [A.H.] that much. When my sister woke up, she drove us to school, but she didn’t know. It was a horrible decision and I probably messed up my life, but I’m sorry.
 

 As a result of the incident, a Child Study Committee met concerning A.B.E. The Child Study Committee Meeting, Recommendations and Documentation of Screening, Basic Education Student form, dated April 28, 2008, initially described the specific behavior being addressed as follows: “[A.B.E.] was under the influence of alcohol on school campus.” This description
 
 *797
 
 was amended on the form to read: “[A.B.E.] was attending school after drinking alcohol.”
 

 In a letter to Brevard County Schools Superintendent Richard DiPatri and Area Superintendent Sandra Demmon, dated April 29, 2008, Kennedy Middle School Principal Richard Myers recommended the expulsion of A.B.E., writing in part:
 

 Based on Florida Statute 1006.09, I hereby recommend that ... [A.B.E.] a student at Kennedy Middle School be expelled from basic education for the remainder of the 2007-2008 school year, and until the end of first semester 2008-2009 school year. This student committed a serious breach of conduct as described below.
 

 The reason for this recommendation is attending school after drinking alcohol. This student’s actions substantially disrupted the orderly conduct of the school.
 

 An Office of District and School Security Investigative Report, attached to Principal Myers’ letter, lists the “INCIDENT” as “Under the Influence of an Alcoholic Beverage” and the “MOTIVE” as “To Be Intoxicated.” Area Superintendent Demmon approved Principal Myers’ recommendation for expulsion and in a letter to A.B.E.’s parents, dated May 22, 2008, Superintendent DiPatri wrote in part:
 

 This is to inform you that based on Florida Statute 1006.08(1) and the recommendation of Mr. Richard Myers, principal of Kennedy Middle School, as approved by Ms. Sandra Demmon, Area III Superintendent, we will recommend that ... [A.B.E.] be expelled from the basic program for the remainder of the 2007-2008 school year, summer sessions and the first semester of the 2008-2009 school year due to her conduct.
 
 She committed an act of gross misconduct, consumed alcohol prior to attending school at Kennedy Middle School.
 

 The hearing on the recommendation for expulsion will be held at the school board meeting June 17, 2008....
 

 A Board Agenda Item document, among the materials attached to Superintendent DiPatri’s letter, includes a “Brief Discussion” as follows:
 

 The student committed a serious breach of conduct, which substantially disrupted the orderly conduct of the school. The student consumed alcohol prior to attending school and was under the influence of alcohol while on the campus of
 
 Kennedy Middle School.
 

 Testimony given at the expulsion hearing was consistent with the previously described statements. On July 15, 2008, the School Board entered a final order expelling A.B.E. In its order, the School Board “found from the testimony and evidence that the student A.B.E. committed a serious breach of conduct which substantially disrupted the orderly-conduct of the school in that the student committed an act of gross misconduct, consumed alcohol with another student prior to attending school at Kennedy Middle School.” It also found “[tjhat the conduct of student A.B.E. as described ... constitutes conduct contrary to local School Board Rule 5500 A. 2.B and 2.a
 
 [2]
 
 and this is an act which substantially disrupts the orderly conduct of the school.”
 
 [3]
 

 On appeal, A.B.E. first contends that the School Board erred in finding that it had
 
 *798
 
 the power to punish her for consuming alcohol prior to attending school. The School Board counters that, while A.B.E. consumed the alcohol at a time and place where it did not have supervisory authority, she came onto the school premises within less than an hour of consuming the alcohol and, therefore, “possessed the alcohol” at school.
 

 The School Board Rule 5500 is entitled “STUDENT CONDUCT.” Section A.2. of Rule 5500 addresses student misconduct, providing:
 

 Misconduct
 

 Actions by students which are insubordinate or show disrespect for others or general misconduct which disrupts the learning situation shall not be tolerated. If the situation cannot be handled by the teacher, it shall be referred to an administrator. Definite corrective action appropriate to the individual situation shall be taken which may include suspension or expulsion.
 

 Section B.2.a. addresses possession, sale, and/or use of alcoholic beverages, narcotics, illegal drugs, and/or prohibited substances, providing:
 

 Notice is hereby given that possession or sale of controlled substances, as defined in F.S. Chapter 893, by any student while such student is upon school property or in attendance at a school function is grounds for expulsion. Student possession of or being under the influence of alcoholic beverages, and/or hallucinogenic drugs or combinations of drugs or substances have [sic] hallucinatory effects, marijuana, or under the influence of glue or other drugs, or combinations of drugs or drug paraphernalia expressly prohibited by Federal, State, or Local laws, including prohibited substances which shall include those substances possessed, sold, and/or used that are held out to be, or represented to be, controlled substances, illegal substances, or counterfeit in any respect illegal or controlled substances, at any school function or on school property is grounds for expulsion and referral to proper law enforcement agencies.
 

 Further notice is hereby given that possession of prescription drugs, or any over-the-counter medication, not specifically ordered for the student by a physician or the student’s parent or guardian while the student is at any school function or on Board property is grounds for disciplinary action which may include suspension, or expulsion and referral to proper law enforcement agencies.
 

 Based upon section 1006.07, Florida Statutes, and School Board Rule 5500, the School Board’s power to punish student conduct is limited to conduct that occurs either on school premises or during transportation to and from school premises if such transportation is an expense of the public school.
 
 See M.T. v. Sch. Bd. of Manatee County,
 
 779 So.2d 328, 328 (Fla. 2d DCA 1999) (“the school board erred when it expelled M.T. because the incident which prompted the school board’s action did not occur at an event or on property subject to the school board’s authority”). Here, during the expulsion hearing, A.B.E. testified that she had “[t]wo sips” of alcohol at “[a]bout 8:15” in the morning at her home. A.B.E.’s sister also testified during
 
 *799
 
 the expulsion hearing that she dropped A.B.E. and A.H. off at school at “about 9:00, 9:05.” Based upon this testimony, the consumption of alcohol occurred at A.B.E.’s home approximately forty-five minutes before the start of school. As correctly contended by A.B.E., the School Board could not punish her for consuming the alcohol at home. However, the School Board clearly had jurisdiction over her conduct while she was attending school. Possession or being under the influence of alcohol while at school is plainly prohibited conduct. The question becomes whether the record evidence of A.B.E.’s conduct while attending school made her subject to expulsion as provided in sections A.2. and B.2.a. of Rule 5500.
 

 The School Board presents no authority for its contention that A.B.E. “possessed alcohol” while attending school on April 21, 2008, simply by having consumed it less than one hour before coming to school. Nor does the record evidence establish that A.B.E. was under the influence of alcohol while at school on April 21, 2008.
 
 [4]
 
 The record contains no evidence that A.B.E. behaved in an impaired manner. Rather, Assistant Principal Forester testified during the expulsion hearing that he neither remembered A.B.E. having acted out of the ordinary on April 21 nor had he received any complaints about A.B.E. on April 21. Further, A.B.E. testified during the hearing that after having sipped the alcohol she felt the same as she normally did, and she did not feel sick or as if she couldn’t function normally. A.B.E. also testified that her day at school on April 21 was “[t]he same as it usually is,” without any problems with any teacher, student, or school person.
 

 Finally, the evidence does not establish that A.B.E.’s conduct while at school on April 21, 2008, disrupted the school’s learning environment. To the extent that there were calls to parents and student discussion or administrative activities that rose to the level of disruption, it was not due to any conduct by A.B.E. while she was at school on April 21.
 
 [5]
 

 Because the record does not contain competent, substantial evidence to support the School Board’s finding that A.B.E. was subject to expulsion under sections A.2. and B.2.a. of Rule 5500, we vacate the decision of the School Board.
 

 ORDER OF EXPULSION VACATED.
 

 SAWAYA and EVANDER, JJ„ concur.
 

 [1]
 

 . Because Appellant is a minor, references will be by initials.
 

 [2]
 

 . Based upon the structure of School Board Rule 5500, it appears that the final order contains an inadvertent error. In referring to the specific sections and subsections of Rule 5500, it appears that the final order should read "A.2. and B.2.a.” instead of "A. 2.B and 2.a.”
 

 [3]
 

 . A.B.E. provided what appears to be a complete copy of Rule 5500 in the appendix to her initial brief. It does not appear that Rule
 
 *798
 
 5500 defines "gross misconduct.” During the expulsion hearing, when asked whether "gross misconduct [is] identified or defined somewhere,” Principal Myers said: "I don’t know that it’s defined specifically, but when the operation of the school is affected by the behavior of a student, then that’s a matter that we would take a look at to see the impact it has on the school.” Further, when asked whether he ”h[ad] the definition of gross misconduct,” Principal Myers responded: "I would apply it to any situation that causes a disruption to the learning environment in the school.”
 

 [4]
 

 .
 
 See Rigau v. Dist. Sch. Bd. of Pasco County.,
 
 961 So.2d 382, 384 (Fla. 2d DCA 2007) (finding that “the testimony presented at the hearing did not constitute competent substantial evidence that [the student] was under the influence”);
 
 Crawley v. Sch. Bd. of Pinellas County,
 
 721 So.2d 396, 397 (Fla. 2d DCA 1998) (finding that "the record fails to present even a scintilla of evidence that either student was ‘under the influence’ ”).
 

 [5]
 

 . In tacit recognition of their proof problem, on appeal, the School Board has shifted its focus to suggest that A.B.E. was properly expelled because she provided alcohol to A.H. and A.H. was disruptive.